UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE HELEN STOY,<br><br>        Plaintiff,<br><br>    v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>        Defendant. | No. 1:24-cv-00131-GSA<br><br>**OPINION & ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR DEFENDANT COMMISSIONER OF SOCIAL SECURITY AND AGAINST PLAINTIFF**<br><br>**(Doc. 15, 17)** |

### I.      Introduction

Plaintiff Catherine Helen Stoy seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI, respectively, of the Social Security Act. For the reasons stated below, substantial evidence and applicable law support the ALJ's decision that Plaintiff was not disabled.[1]

### II.     Factual and Procedural Background[2]

On October 26, 2020, Plaintiff applied for DIB and SSI benefits alleging disability as of March 15, 2018, due to rheumatoid arthritis, depression, and anxiety. The Commissioner denied the applications initially on September 9, 2021, and on reconsideration on November 22, 2021. A hearing was held before an Administrative Law Judge (the "ALJ") on December 21, 2022. AR 81–107. On February 14, 2023, the ALJ issued an unfavorable decision. AR 18–34. The Appeals Council denied review on December 7, 2023 (AR 1–7) and this appeal followed.

---

[1] The parties consented to the jurisdiction of a United States Magistrate Judge. Docs. 8, 10

[2] The undersigned has reviewed the relevant portions of the administrative record including the medical, opinion and testimonial evidence about which the parties are well informed, which will not be exhaustively summarized. Relevant portions will be referenced in the course of the analysis below when relevant to the parties' arguments.

### III. The Disability Standard

Pursuant to 42 U.S.C. §405(g), this court has the authority to review a decision by the Commissioner denying a claimant disability benefits. "This court may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citations omitted). Substantial evidence is evidence within the record that could lead a reasonable mind to accept a conclusion regarding disability status. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla, but less than a preponderance. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (internal citation omitted).

When performing this analysis, the court must "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Social Security Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citations and quotations omitted). If the evidence could reasonably support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted). "[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

> To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 416.920(a)-(f). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the

claimant is or is not disabled.  20 C.F.R. §§ 416.927, 416.929.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability, (2) whether the claimant had medically determinable "severe impairments," (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1, (4) whether the claimant retained the residual functional capacity ("RFC") to perform past relevant work, and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the national and regional level.  20 C.F.R. § 416.920(a)-(f).  While the Plaintiff bears the burden of proof at steps one through four, the burden shifts to the commissioner at step five to prove that Plaintiff can perform other work in the national economy given her RFC, age, education and work experience.  *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).

## IV.     The ALJ's Decision

At step one the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of March 15, 2018.  AR 21.  At step two the ALJ found that Plaintiff had the following severe impairment: obesity and degenerative joint disease of the knees status post bilateral total knee replacements.  AR 22.  The ALJ also determined at step two that Plaintiffs' sleep apnea and depressive disorder were non-severe.  AR 22–24.  At step three the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  AR 25.

Prior to step four the ALJ evaluated Plaintiff's residual functional capacity (RFC) and concluded that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. 416.967(b) and 20 C.F.R. 404.1567(b) with the following limitations:

> can occasionally climb ramps and stairs; occasionally climb ladders, ropes, or scaffolds; can frequently balance; occasionally stoop, kneel, crouch, and crawl; no more than occasional bilateral upper extremity overhead reaching, other reaching is not affected.

AR 25–33.

At step four the ALJ concluded that Plaintiff could perform her past relevant work as an

office manager, customer service representative, dispatcher, cashier checker, and fountain server. AR 33–34.  Accordingly, the ALJ concluded that Plaintiff was not disabled at any time since the alleged disability onset date of March 15, 2018.  AR 34.

### V.     Issues Presented

Plaintiff asserts that the ALJ's analysis of Dr. Hamill's opinion was contrary to regulation and not supported by substantial evidence.

#### A.     Applicable Law

Before proceeding to step four, the ALJ must first determine the claimant's residual functional capacity.  *Nowden v. Berryhill*, No. EDCV 17-00584-JEM, 2018 WL 1155971, at *2 (C.D. Cal. Mar. 2, 2018).  The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96–8p.

In doing so, the ALJ must determine credibility, resolve conflicts in medical testimony and resolve evidentiary ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995).  "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record such as medical records, lay evidence and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment."  *Robbins,* 466 F.3d at 883.  *See also* 20 C.F.R. § 404.1545(a)(3) (residual functional capacity determined based on all relevant medical and other evidence).  "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings."  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

For applications dated March 27, 2017, or later, the new regulations eliminate a hierarchy

of medical opinions. 20 C.F.R. § 404.1520c(a) ("[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources."). Rather, when evaluating any medical opinion, the ALJ will consider the factors of supportability, consistency, treatment relationship, specialization, and other factors. 20 C.F.R. § 404.1520c(c).

Supportability and consistency are the two most important factors, and the agency will articulate how they are considered. *Id.* With respect to "supportability," the new regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(1). Regarding "consistency," the regulations provide that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(2).

Where the claimant alleges a mental impairment, steps two and three require the ALJ to apply the psychiatric review technique (or "PRT') outlined at 20 C.F.R. §§ 404.1520a, 416.920a, to determine the severity of the claimant's impairment at step two, and to determine whether the impairment satisfies Social Security regulations at step three. If the claimant is found to have a medically determinable mental impairment, the ALJ must "specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s)," then "rate the degree of functional limitation resulting from the impairment(s) in accordance with paragraph (c) of [Sections 404.1520a, 416.920a]," which specifies four broad functional areas: (1) understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage

oneself. 20 C.F.R. §§ 404.1520a(b), (c)(3); id. §§ 416.920a(b), (c)(3). Thes four functional areas are known as the "paragraph B" criteria.

The functional limitations are rated on a five-point scale of "[n]one, mild, moderate, marked, [or] extreme," 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4). An impairment causing no more than mild limitations in any area is generally considered a non-severe impairment. 20 C.F.R. § 416.920a(d)(1).   If the claimant's impairment does not meet or equal a listed impairment, then the ALJ must determine the claimant's RFC.  The RFC determination is thus distinct from the PRT (and consideration of the "four broad functional" areas) though the discussion often overlaps.

### B.     Analysis

Here, in performing the psychiatric review technique, the ALJ found that Plaintiff had mild limitations in all four categories, including: 1- understanding, remembering, and applying information; 2- interactions with others; 3- concentration, persistence, or pace; and 4- adaptation and self-management.  AR 23–24.

On February 12, 2021, Dr. Hamill conducted a consultative psychological examination of the Plaintiff at the request of the agency.  AR 789–93.  Dr. Hamill opined that Plaintiff had no impairment in multiple areas and a mild impairment in: 1- her ability to interact with coworkers and the public; 2- to maintain regular attendance and complete a normal workday or workweek without interruptions from a psychiatric condition, and 3- to deal with the usual stressors encountered in the workplace.  AR 793.

The ALJ found the opinion persuasive, explaining as follows:

> The undersigned finds Dr. Hamill's opinion persuasive because it is consistent with the overall record, which reveals a lack of mental health treatment and a lack of significant complaints of mental health symptoms. Moreover, this opinion is supported by the claimant's reports of intact activities of daily living and the unremarkable mental status examination findings noted by the consultative psychologist. AR 33.

Plaintiff argues that: 1- despite the ALJ finding Dr. Hamill's opinion persuasive without reservation or modification, the RFC conflicts with Dr. Hamill's opinion in that it does not include mental limitations; 2- where the RFC conflicts with a medical source opinion, Social Security Ruling 96-8p requires the ALJ to explain why the opinion was not adopted; 3- the ALJ's discussion was deficient because it fails to address supportability at all, and such non-compliance and/or misapplication of the governing law is an error of independent significance under 20 U.S.C. §405(g) apart from whether the ALJ's factual findings are supported by substantial evidence; 4- proper consideration of Dr. Hamill's opinion shows that it is indeed supported; 5- Plaintiff's testimony and Dr. Hamill's opinion show that Plaintiff is limited to no more than frequent interaction with co-workers and supervisors; and 6- such a social interaction limitation would preclude Plaintiff's past work according to the VE's testimony. *See* MSJ at 7–11, Doc. 15; reply at 1–5, Doc. 18.

Plaintiff's argument at the outset is unavailing because there is no requirement that mild limitations must be incorporated in the RFC, or that the ALJ must explain the omission thereof. A mild limitation means that "functioning in this area independently, appropriately, effectively, and on a sustained basis is slightly limited." 20 C.F.R. Part 404, Subpt. P. App. 1, Listing 12.00(F)(2). Relatedly, where a mental impairment causes no more than mild limitations, the impairment is non-severe (20 C.F.R. § 416.920a(d)(1)) and a non-severe impairment "does not significantly limit your physical or mental ability to do basic work activities." (20 C.F.R. § 416.922).

In *Woods*, the Ninth Circuit found no error where the ALJ assessed mild limitations in two of the four functional categories but included no mental limitations in the RFC. *Woods v. Kijakazi*, 32 F.4th 785, 794 (9th Cir. 2022). Much like the present case, the *Woods* panel noted that "Woods does not identify any particular evidence that the ALJ failed to consider or explain why the record does not support the ALJ's findings regarding her mental functioning." *Id.*

Similarly in *Bray*, the Ninth Circuit found no authority for "the proposition that a severe mental impairment must correspond to limitations on a claimant's ability to perform basic work activities," which applies with even more force here given Plaintiff's depression was found non-severe, a finding Plaintiff does not challenge. Simply put, there is no requirement that <u>mild</u> limitations be incorporated into the RFC. *See id.*; *but see Wascovich v. Saul*, 2:18-CV-659-EFB, 2019 WL 4572084, at *4 (E.D. Cal. Sept. 20, 2019) ("Where the ALJ accepts the medical assessment of <u>moderate limitations</u>, those limitations must be accounted for in the RFC.") (emphasis added) (citing *Betts v. Colvin*, 531 F. App'x 799, 800 (9th Cir. 2013).

Plaintiff relies on non-controlling authority suggesting that *Woods* is distinguishable because the ALJ in *Woods* explained the omission of mild limitations by rejecting the medical opinion containing such limitations. Plaintiff explains that "In short, while the ALJ can find no mental health limitations in the RFC despite a finding of mild limitations in the PRT, the ALJ must have an adequate discussion of the mental health issues *in the discussion of the RFC* before doing so." MSJ at 8 (emphasis added). This principle is far from apparent on the face of the *Woods* opinion, which does not articulate any such requirement overtly or by reasonable implication.

Further, requiring discussion of non-severe impairments "in the discussion of the RFC" is at odds with the regulations. Although it is true that the ALJ must <u>consider</u> the functional effects of both severe and non-severe impairments at the RFC stage, there is no requirement that the ALJ <u>explain</u> the consideration of non-severe impairments, which is notable given the regulations elsewhere do indicate when and under what circumstances required "considerations" must be <u>explained</u>.[3] *Compare* 20 C.F.R. § 416.945(a)(2) ("we will *consider* all of your medically determinable impairments of which we are aware, including your medically determinable

---

[3] Granted, absent any such discussion, it is difficult for a reviewing court to determine to what extent the ALJ "considered" non-severe impairments at the RFC stage. But this does not change the fact that the regulations impose no obligation on an ALJ to articulate how non-severe impairments were considered at the RFC stage.

impairments that are not "severe,"') *with* 20 C.F.R. § 416.920c(b)(2) ( "we will *explain* how we considered the supportability and consistency factors . . .") (emphasis added).

As for the ALJ's discussion of supportability, or alleged lack thereof, in relation to Dr. Hamill's opinion, Plaintiff is correct that the regulations require such a discussion and that non-conformity with the regulations is an error of independent significance apart from whether the ALJ's factual findings are supported by substantial evidence. *See* Reply at 3–4 (rebutting Defendant's discussion of substantial evidence by noting that misapplication of the regulations is an error of independent significance apart from substantial evidence); *see also Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) ("This court may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error *or* are not supported by substantial evidence in the record as a whole.") (emphasis added).

The argument is, however, non- persuasive because any such error in articulating whether Dr. Hamill's opinion was supportable is not a harmful error because, as discussed above, the RFC does not conflict with Dr. Hamill's opinion. Moreover, the ALJ's acceptance of the opinion created no duty to incorporate mild limitations in the RFC or explain the omission thereof.

Plaintiff also identifies no support for the suggestion that "mild" social interaction limitations imply an inability to interact with peers and supervisors more than frequently (i.e. two-thirds of an 8-hour day), which the VE testified would be a work-preclusive limitation (AR 104). Nor does Plaintiff explain the suggestion that her testimony, if accepted as true, implies an inability to engage in social interaction more than frequently. Plaintiff cites testimony in which she indicates that there are multiple days in a week where she doesn't "want to see anybody or talk to anybody." AR 98. However, this is not a statement of a work-related limitation that the ALJ would need to incorporate into the RFC even had the ALJ been inclined to do so. The RFC is not a representation of the most an individual wants to do given their limitations, rather the RFC represents "the most

you can still do despite your limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

In sum, Plaintiff identifies no error in the ALJ's analysis of her mental limitations or Dr. Hamill's opinion concerning the same.

**VI.      Conclusion**

For the reasons stated above, substantial evidence and applicable law support the ALJ's conclusion that Plaintiff was not disabled.  Accordingly, it is ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 15) is **DENIED.**

2. Defendant's cross-motion (Doc. 17) is **GRANTED**

3. The Commissioner's final decision is **AFFIRMED**

4. The Clerk of Court is directed to enter judgment in favor of Defendant Commissioner of Social Security, and against Plaintiff Catherine Helen Story.

IT IS SO ORDERED.

Dated:   **November 9, 2024**                        **/s/ Gary S. Austin**
                                                                          UNITED STATES MAGISTRATE JUDGE